UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tyshawn Riddick,<br><br>                                        Petitioner,<br><br>            -v-<br><br>Superintendent, Auburn Correctional Facility,<br><br>                                        Respondent. | 2:25-cv-4948 (NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion to proceed in forma pauperis ("IFP") filed by Tyshawn Riddick ("Riddick") together with a pro se petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a proposed order to show cause seeking to compel a response to the petition. (*See* Pet., ECF No. 1; IFP App., ECF No. 2; OSC, ECF No. 3.) For the reasons that follow, the motion to proceed IFP is denied without prejudice and with leave to renew upon filing a complete IFP application by **February 9, 2026**. Alternatively, Riddick may pay the $5.00 filing fee by that date. The Court holds the proposed order to show cause in abeyance pending resolution of the filing fee.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without

disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Riddick's IFP motion is not submitted on this Court's IFP application form and does not provide sufficient information for the Court to reasonably conclude that Riddick is unable to afford the $5.00 filing fee. To be sure, Riddick has not provided the sum, if any, presently in his Prison Trust Fund Account. (*See* IFP App., ECF No. 2.) Given Riddick's incarceration, he shall provide the total sum in his prison account in any renewed IFP motion. In addition, Riddick shall complete and return the enclosed IFP application and shall include a response to each question on the form application, even if the answer is "0". Accordingly, the present IFP motion is denied without prejudice and with leave to renew on the enclosed short form IFP application. Alternatively, Riddick may pay the $5.00 filing fee.

**Riddick shall either file the renewed IFP application or remit the filing fee by February 9, 2026 or the petition will be dismissed without prejudice.** The Court holds the order to show cause in abeyance pending resolution of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Riddick with a short form IFP application at his address of record in an envelope marked "Legal Mail" and to record such mailing on the docket.

Dated: Central Islip, New York
       January 26, 2026

                          */s/ Nusrat J. Choudhury*
                          NUSRAT J. CHOUDHURY
                          United States District Judge